**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Floyd David JOHNSON,**
**Defendant-Appellant.**

**Cal. No. 1601, Docket No. 81–1118.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 10, 1981.

Decided Aug. 11, 1981.

---

**22**

Sheryl E. Reich, New York City, Michael Kennedy, New York City, for defendant-appellant.

David Eisenberg, Asst. U. S. Atty., Edward R. Korman, U. S. Atty., Vivian Shevitz, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for plaintiff-appellee.

Before VAN GRAAFEILAND and KEARSE, Circuit Judges, and MARKEY,* C.C.P.A.

PER CURIAM:

Defendant has appealed from a judgment convicting him of possessing a controlled substance with the intent to distribute, following a guilty plea in the United States District Court for the Eastern District of New York (Nickerson, *J.*). Pursuant to an agreement between the parties, appellant has preserved the right to appeal the district court's denial of his suppression motion. We affirm.

Appellant contends that the use of a dog specially trained to detect the presence of controlled substances constituted an illegal search of his luggage which was at the time in the possession of Eastern Airlines. Between the time when the luggage was unloaded from an Eastern flight from Miami

and the time when it was placed on the baggage carousel at LaGuardia, the specially trained police dog reacted positively to the two bags eventually claimed by appellant. Later, pursuant to search warrants issued by a United States Magistrate, a quantity of controlled substances was found in the bags.

■ The use of a dog specially trained to detect the odor of controlled substances "cannot be sensibly characterized as a search or seizure" under the law of this Circuit. *United States v. Bronstein*, 521 F.2d 459, 462 (2d Cir.), *cert. denied*, 424 U.S. 918, 96 S.Ct. 1121, 47 L.Ed.2d 324 (1975). The law of the other circuits is substantially in accord. *See United States v. Goldstein*, 635 F.2d 356 (5th Cir. 1981); *Doe v. Renfrow*, 631 F.2d 91 (7th Cir. 1980); *United States v. Venema*, 563 F.2d 1003 (10th Cir. 1977); *United States v. Solis*, 536 F.2d 880 (9th Cir. 1977); *United States v. Race*, 529 F.2d 12 (1st Cir. 1976); *United States v. Fulero*, 498 F.2d 748 (D.C.Cir.1974). Moreover, the fact that a police dog has sensory capabilities which exceed normal human standards does not render the canine assistance impermissible. *See United States v. Bronstein, supra*, 521 F.2d at 462.

Appellant contends that the reactions of the dog alone constituted insufficient probable cause to support the issuance of the search warrant. He argues that because a dog is incapable of distinguishing between the actual presence of drugs in a container and the residual odor when the controlled substances are no longer there, the dog's reactions do not necessarily indicate that controlled substances are present at the time the warrant is issued.

However, the search warrants were not based on the dog's reactions alone; rather, the supporting affidavit discloses a variety of factors indicating that appellant might have been transporting drugs. Furthermore, appellant's argument with respect to the problem of a dog detecting only the

---

* Hon. Howard T. Markey, Chief Judge of the United States Court of Customs and Patent Appeals, sitting by designation.

residual odors as opposed to the drugs themselves misconstrues the probable cause requirement. Absolute certainty is not required by the Fourth Amendment. What is required is a reasonable belief that a crime has been or is being committed. The facts of the instant case amply support a finding of probable cause. Accordingly, the search warrants were properly issued. Affirmed.