**UNITED STATES COURT OF APPEALS**
**Filed 7/2/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ESEQUIEL CASANOVA,

        Defendant - Appellant.

No. 95-5197

(D.C. No. 95-CR-62-1-B)

(N.D. Oklahoma)

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ADRIAN TORRES,

        Defendant - Appellant.

No. 95-5201

(N.D. Oklahoma)

(D.C. No. 95-CR-62-2-B)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **ENGEL**[**], and **LOGAN**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the 10th Cir. R. 36.3.

[**]The Honorable Albert J. Engel, Circuit Judge of the Sixth Circuit Court of Appeals, sitting by designation.

Esequiel Casanova and Adrian Torres entered conditional guilty pleas to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), reserving their rights to appeal the denial of their joint motion to suppress. In this consolidated appeal, the appellants contend that their Fourth Amendment rights were violated when DEA officers took their checked suitcase from an airport conveyer belt and subjected it to a dog sniff. We affirm.

The background facts are fully set forth in the district court's order denying appellants' motion to suppress, R. Vol. I, Tab 16,[1] and need not be repeated here, except as necessary to frame the legal issues. In reviewing the denial of a motion to suppress, we accept the district court's findings of fact unless they are clearly erroneous, and we consider the evidence in the light most favorable to the government. United States v. Lambert, 46 F.3d 1064, 1067 (10th Cir. 1995). However, we review de novo the ultimate question of reasonableness under the Fourth Amendment. Ornelas v. United States, 116 S. Ct. 1657, 1659 (1996) (settling a circuit split, holding consistent with Lambert, 46 F.3d at 1067).

The Fourth Amendment protects persons and their effects from unreasonable searches and seizures. U.S. Const. amend. IV. As a general proposition, a drug detection dog may sniff a suitcase without implicating the Fourth Amendment. Motion to

---

[1]Unless otherwise indicated, all citations to the R. Vol. I shall be to the record in appeal case No. 95-5197.

Suppress, R. Vol. I, Tab 9 at 3 (citing United States v. Place, 462 U.S. 696, 707 (1983)).[2]

The issue here is whether the action of DEA officers constituted a seizure of the suitcase checked by appellants which required reasonable suspicion.[3] The district court found that there was no seizure. We agree.

"A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113 (1984). In this case, appellants checked a suitcase immediately before they boarded their plane. R. Vol. IV at 5-6. As the appellants boarded, DEA officers lifted their suitcase and four others from the conveyer belt. Id. at 6. The officers then subjected the luggage to a dog sniff and the dog alerted to the suitcase checked by appellants. Id. Since appellants had already boarded, and the plane was getting ready to take off, the

---

[2]In their motion to reconsider, appellants argued that the language they cited from Place, to the effect that a dog sniff is not a search, applies only to situations in which reasonable suspicion existed. R. Vol. I, Tab 17. We have previously rejected the identical argument. United States v. Morales-Zamora, 914 F.2d 200, 204 (10th Cir. 1990). Case law is clear that reasonable suspicion is not required to conduct a dog sniff, either in a public place or in a private place, where the police are authorized to be. United States v. Garcia, 42 F.2d 604, 605-06 (10th Cir. 1994) (collecting cases), cert. denied, 115 S. Ct. 1713 (1995).

[3]As an aspect of this issue, appellants argue that the government failed to show that its officers were properly in the restricted, private baggage area. However, at the suppression hearing, it was the appellants' burden to establish any illegality regarding the officers' presence. See United States v. Moore, 22 F.3d 241, 243 (10th Cir.), cert. denied, 115 S. Ct. 238 (1994). They made no attempt to do so, and as the point was not raised, the district court made no finding. While one may presume that the officers had permission to be where they were, since appellants failed to raise this argument below, we will not consider it for the first time on appeal. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).

officers replaced all the suitcases for final loading.  R. Vol. III at 9.  The entire procedure took about one minute.  R. Vol. IV at 6-7.  No flight delay resulted from the officers' action.  Id. at 7.

As the district court correctly concluded, such "a brief detention of a suitcase in the possession of a third-party carrier does not violate the Fourth Amendment."  R. Vol. I, Tab 16 at 4 (citing United States v. Lovell, 849 F.2d 910 (5th Cir. 1988); United States v. Brown, 884 F.2d 1309 (9th Cir. 1989), cert. denied, 493 U.S. 1025 (1990); United States v. Johnson, 660 F.2d 21 (2d Cir. 1981); United States v. Germosen-Garcia, 712 F. Supp. 862 (D. Kan. 1989)).  Inasmuch as there was no seizure, reasonable suspicion was not required.  Accordingly, we AFFIRM for substantially the same reasons set forth in the district court's Order.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge