979 P.2d 1199

STATE of Idaho, Plaintiff–Appellant,

v.

Boone Ray TUCKER, Defendant–Respondent.

No. 24509.

Supreme Court of Idaho, Pocatello, May 1999 Term.

June 11, 1999.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

G. Michael Lee, Challis, and Michael S. Stoy, Boise, for respondent. Michael S. Stoy argued.

WALTERS, Justice.

The state appeals from the district court's order granting the defendant Tucker's motion to suppress evidence obtained after a search of Tucker's vehicle. We reverse the suppression order and remand this case to the district court for further proceedings.

## FACTUAL PROCEEDINGS

After being stopped for speeding near Stanley, Idaho, Boone Ray Tucker was given a citation for speeding and was also arrested for driving without privileges. Officer Chris Cullen handcuffed Tucker, patted him down for weapons and placed him in a police car. The sheriff arrived on the scene shortly thereafter and Tucker was transferred into the sheriff's car for transport to the county jail. As the sheriff left, a third officer began a search of Tucker's vehicle with the use of a narcotics dog. Tucker's passenger was instructed to get out of the car. The dog alerted indicating the presence of narcotics, which led to the discovery of methamphetamine in the glove compartment and marijuana under the passenger seat. The officers called the sheriff, who was about a mile down the highway, to return to the scene with Tucker. When Tucker arrived he and his passenger were cited for illegal possession of a controlled substance.

Following a preliminary hearing, Tucker was bound over to the district court and a criminal information was filed charging Tuck-er with possession of a controlled substance, methamphetamine. Tucker filed a motion to suppress the evidence obtained in the search of his vehicle, which motion was granted by the district court. The State appeals from the suppression order. I.A.R. 11(c)(7). The sole issue is whether the district court correctly concluded that the search of Tucker's vehicle was constitutionally invalid.

## STANDARD OF REVIEW

■ On appellate review of ruling on a motion to suppress, the appellate court defers to the trial court's findings of fact unless clearly erroneous but exercises free review of the application of the law to those facts. *State v. Julian*, 129 Idaho 133, 922 P.2d 1059 (1996); *State v. Luna*, 126 Idaho 235, 880 P.2d 265 (Ct.App.1994).

## ANALYSIS

■ The burden is on a defendant to show the illegality of a search; however, once the search is shown to have been made without a warrant, the search is deemed to be unreasonable *per se* and the burden shifts to the State to show that the search was pursuant to one of the exceptions to the warrant requirement. *State v. Bottelson*, 102 Idaho 90, 92, 625 P.2d 1093, 1095 (1981).

■ At the hearing on his motion to suppress, Tucker relied on the testimony of Officer Cullen that had been presented at Tucker's preliminary hearing. He quoted the officer as informing Tucker after he was arrested for driving without privileges that Tucker's vehicle would be searched incident to Tucker's arrest. Tucker then argued that his removal from the scene by the sheriff destroyed the validity of the intended search.

■ Although the State offered counter arguments supporting the validity of a search incident to arrest, the State also claimed that the search was valid under the vehicle exception to the warrant requirement. The "automobile exception" allows the police to search a car without a warrant if there is probable cause to believe the car contains contraband or evidence of a crime. *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72

L.Ed.2d 572 (1982); *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *State v. Buti,* 131 Idaho 793, 964 P.2d 660 (1998). The State pointed out that the search followed the alert by the drug detection dog.

The district court held that the search was invalid as a search incident to the arrest, but did not determine whether the search was valid under the automobile exception, although the district court made a specific finding that the officers "could have impounded [Tucker's] vehicle and obtained a search warrant, since [the drug detection dog's] indication provided probable cause for further search." This Court previously has acknowledged that an officer's investigation at the scene of a stopped automobile can ripen into probable cause as soon as a drug detection dog alerts on the exterior of the vehicle, justifying a search of the vehicle without the necessity of obtaining a warrant. *State v. Gallegos,* 120 Idaho 894, 898, 821 P.2d 949, 953 (1992). *See also, State v. Martinez,* 129 Idaho 426, 925 P.2d 1125 (Ct. App.1996).

Because the district court found upon undisputed facts that the indication by the drug detection dog gave the officers probable cause for the issuance of a warrant to search the vehicle, the district court should have held that the automobile exception applied to validate the search and allow the admission of evidence seized as a result of the search.

## CONCLUSION

We hold that under the automobile exception the search of Tucker's car was reasonable even though a warrant was not actually obtained. The district court's order granting Tucker's motion to suppress is hereby reversed and the case is remanded for further proceedings in the district court.

Chief Justice TROUT and Justices SILAK, SCHROEDER and KIDWELL, CONCUR.