997 P.2d 634

STATE of Idaho, Plaintiff–Appellant,

v.

Donald Michael BRAENDLE,
Defendant–Respondent.

No. 24716.

Court of Appeals of Idaho.

Feb. 8, 2000.

Review Denied April 28, 2000.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Alan E. Trimming, Ada County Public Defender; David J. Smethers, Deputy Public Defender, Boise, for respondent. David J. Smethers argued.

LANSING, Judge.

The State appeals from a district court order granting a motion suppressing evidence of drugs found in Donald Michael Braendle's vehicle. The State argues that the search, conducted after a drug detection dog alerted on the vehicle, was supported by probable cause and therefore fell within the

"automobile exception" to the warrant requirement. We find the State's position to be correct and therefore reverse the suppression order and remand the case for further proceedings.

## BACKGROUND

A Boise police officer, Michael Algate, was on patrol when he noticed a pickup truck parked in front of a residence that the police suspected to be the site of drug activity. Officer Algate knew the registered owner of the vehicle, Donald Braendle, and believed that Braendle's driver's license was suspended. Officer Algate confirmed the license suspension and parked his car nearby. When the truck went past shortly thereafter, the officer followed. The driver of the truck made a turn without signaling, whereupon the officer effected a traffic stop.

Officer Algate identified the driver as Braendle and arrested him for driving without privileges. Just before his arrest, Braendle used his cellular telephone to call someone to retrieve his truck. After Braendle was taken to the police station, a detective arrived on the scene with a narcotics detection dog, "Clancy." The dog "alerted" at the passenger door of the truck. The detective then opened the unlocked door and allowed the dog into the cab. Once inside, Clancy led officers to a number of plastic baggies of marijuana and miscellaneous drug-related items. The detective also removed a brief case from the truck and opened it after the dog alerted on it. Additional marijuana was found in the brief case.

Braendle was charged with trafficking in marijuana, Idaho Code § 37–2732B(a)(1). He moved to suppress the evidence found in his vehicle, claiming that the warrantless search was done without probable cause, was not incident to his arrest, and was not justified by exigent circumstances. After an evidentiary hearing, the district court suppressed the evidence. The district court relied upon the Idaho Supreme Court's initial, unpublished decision in *State v. Charpentier*, Docket No. 23417 (August 27, 1997 unpublished) (*Charpentier I*), in which a majority of the Idaho Supreme Court held that Article I, § 17 of the Idaho Constitution prohib-

its search of a motor vehicle incident to an occupant's arrest after the arrestee has been removed from the motor vehicle. The district court held that, in view of *Charpentier I*, the search of Braendle's truck was not a valid search incident to arrest and further found that no exigent circumstances were presented which justified the search of the cab of the truck without a warrant. The State appealed from this ruling, but while the appeal was pending, the Idaho Supreme Court conducted a rehearing and issued a substitute opinion in *State v. Charpentier*, 131 Idaho 649, 962 P.2d 1033 (1998) (*Charpentier II*), in which the Court altered its decision. In *Charpentier II*, a majority of the Court held that the rule enunciated by the United States Supreme Court in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), authorizing the search of automobiles incident to an occupant's arrest, was also the proper interpretation of Article I, § 17 of the Idaho Constitution. Consequently, the first appeal in Braendle's case was cut short, with the matter remanded to the district court for reconsideration of its decision in light of *Charpentier II*. On remand, however, the district court again suppressed the evidence. The court held that the search of Braendle's truck was not sufficiently contemporaneous with his arrest to constitute a search incident to that arrest. The State now appeals a second time.

## ANALYSIS

In its argument to this Court, the State does not challenge the district court's conclusion that the search occurred too long after Braendle's removal from the scene to constitute a search incident to arrest. Rather, the State argues that the search should have been upheld under a different exception to the warrant requirement, the automobile exception, which allows police to search a vehicle without a warrant when there is probable cause to believe that the vehicle contains contraband or evidence of a crime.

■ The Fourth Amendment to the United States Constitution prohibits unreasonable searches. If a search was conducted

without a warrant it is deemed to be unreasonable unless the State meets the burden of demonstrating that the search fell within a recognized exception to the warrant requirement. *State v. Tucker*, 132 Idaho 841, 842, 979 P.2d 1199, 1200 (1999); *State v. Holcomb*, 128 Idaho 296, 302, 912 P.2d 664, 670 (Ct. App.1995).

■ At issue here is the long-recognized automobile exception under which a warrantless search of a vehicle is permissible if there is probable cause to believe that the vehicle contains contraband or evidence of criminal activity. *See Wyoming v. Houghton*, 526 U.S. 295, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999); *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *State v. Buti*, 131 Idaho 793, 800, 964 P.2d 660, 667 (1998); *State v. Bottelson*, 102 Idaho 90, 93, 625 P.2d 1093, 1096 (1981). The automobile exception is based both upon the automobile's ready mobility, which is deemed an exigency sufficient to excuse the warrant requirement once probable cause for the search is clear, and upon the lesser expectation of privacy in an automobile as compared to the privacy interest in a home. *California v. Carney*, 471 U.S. 386, 390–92, 105 S.Ct. 2066, 2068–70, 85 L.Ed.2d 406, 412–14 (1985); *Carroll*, 267 U.S. at 153, 45 S.Ct. at 285, 69 L.Ed. at 551; *Bottelson, supra*. If probable cause justifies the search of a vehicle, then it justifies the search of every part of the vehicle and its contents which could conceal the object of the search. *Ross*, 456 U.S. at 825, 102 S.Ct. at 2173, 72 L.Ed.2d at 594 Thus, closed containers within a car can be searched pursuant to the automobile exception. *Houghton*, 526 U.S. at 299, 119 S.Ct. at 1301, 143 L.Ed.2d at 415; *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991).

■ In neither of the district court's orders in Braendle's case did the court address application of the automobile exception. The district court did, however, make a finding that "there was sufficient evidence that if presented to a magistrate, a search warrant would have been issued." Because a showing of probable cause is the prerequisite to issuance of a search warrant, *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *State v. Lang*, 105 Idaho 683, 672 P.2d 561 (1983), this finding of the district court is implicitly a finding that probable cause existed.

According to the State's argument on appeal, this finding of probable cause establishes that the standard for the automobile exception was met, and that the search was therefore valid. Braendle responds, however, that the evidence here did not demonstrate probable cause. In particular, Braendle asserts that the State did not present sufficient evidence of the drug dog's reliability to satisfy foundational requirements for admission of evidence of the dog's behavior in alerting on Braendle's truck.

■ Braendle is correct in asserting that the admission of testimony regarding a drug dog's positive indication requires a foundation showing the dog's training and reliability. *See, e.g., United States v. Diaz*, 25 F.3d 392, 394 (6th Cir.1994); *United States v. Lingenfelter*, 997 F.2d 632, 639 (9th Cir. 1993); *United States v. Klein*, 626 F.2d 22, 27 (7th Cir.1980); *United States v. Race*, 529 F.2d 12, 14 (1st Cir.1976). *Compare State v. Streeper*, 113 Idaho 662, 666–67, 747 P.2d 71, 75–76 (1987) (establishing foundational prerequisites for admission of a bloodhound's tracking behavior).

■ In the present case, the State presented testimony of the detective who conducted the search with the dog. The detective testified to his own training in handling Clancy, the dog's training, and prior experience with the dog's performance. According to the detective, Clancy had been professionally trained, had already been used as a narcotics dog for three to four years before the detective began working with him, and the detective and Clancy had an additional 180 hours of training together. The detective testified that in previous controlled testing and training, the dog alerted only on containers that held illegal drugs.

Braendle challenged Clancy's reliability with testimony that, on an occasion when the dog was used to inspect students' lockers at a high school, he alerted on several lockers that, upon being searched, were found to

contain no controlled substances. Braendle argues that this experience showed that the dog gave false positive reactions and was unreliable. In rebuttal, however, the handling detective testified that, in his opinion, when Clancy alerted on a location where no drugs were found, that location had the residual odor of a drug that had previously been there and, with respect to the school lockers, clothing or other items in the lockers might have had a lingering odor of drugs. The detective based this conclusion upon the fact that Clancy did not give false positive responses when tested in controlled settings.

 Whether a sufficient foundation has been laid for the admission of evidence is an issue committed to the discretion of the trial court. *State v. Bush*, 131 Idaho 22, 34, 951 P.2d 1249, 1261 (1997); *State v. Hagedorn*, 129 Idaho 155, 160, 922 P.2d 1081, 1086 (Ct. App.1996). Here, although there was conflicting evidence, in light of the testimony given by the detective, the district court did not abuse its discretion in determining that a sufficient foundation had been established.

■ With respect to the sufficiency of the evidence to demonstrate probable cause, this case is indistinguishable from the Idaho Supreme Court's recent decision in *Tucker, supra*. In that case, the defendant was stopped for speeding and ultimately was arrested for driving without privileges. A sheriff's deputy transported the defendant from the scene while another officer utilized a narcotics dog to examine the defendant's vehicle. Illegal drugs were found. Like the district court in the present case, the district court in *Tucker* granted a suppression motion on the ground that the search was not a valid search incident to arrest. Also like the court below, the district court in *Tucker* did not consider the automobile exception to the warrant requirement but did make a finding that the police could have obtained a search warrant because the drug dog's alert provided probable cause for the further search. The Idaho Supreme Court reversed the suppression order, stating:

> Because the district court found upon undisputed facts that the indication by the drug detection dog gave the officers probable cause for the issuance of a warrant to

search the vehicle, the district court should have held that the automobile exception applied to validate the search and allow the admission of evidence seized as a result of the search.

*Tucker*, 132 Idaho at 843, 979 P.2d at 1201. In the present case, as in *Tucker*, the district court erred by not holding that the automobile exception applied to validate the search because the police possessed probable cause to believe there was contraband in the vehicle. The reaction of the drug detection dog provided the probable cause to justify the search.

Accordingly, the district court's order granting Braendle's motion to suppress evidence is reversed, and this case is remanded for further proceedings.

Chief Judge PERRY, and Judge Pro Tem CARLSON, concur.