172 P.3d 1146

STATE of Idaho, Plaintiff–Respondent,

v.

Jack David YEOUMANS, III, Defendant–Appellant.

No. 33153.

Court of Appeals of Idaho.

Nov. 2, 2007.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Jack David Yeoumans, III, appeals from his conviction for possession of a controlled substance with intent to deliver. He challenges the denial of his motion to suppress evidence, contending that a drug detection dog's alert on his vehicle did not give the police probable cause for a warrantless search of the vehicle's interior.

## I.

### FACTUAL & PROCEDURAL BACKGROUND

In January 7, 2005, Police Officer Marty Ryan saw Yeoumans fueling his pickup at a service station. Officer Ryan had previously received information that Yeoumans was selling and using methamphetamine, so he approached Yeoumans and engaged him in a consensual conversation to make inquiries along these lines. Yeoumans denied these allegations, refused to consent to a search of his vehicle, and drove away. Officer Ryan then initiated a traffic stop because Yeoumans' windshield was cracked and his license plate was covered with snow. Before making the stop, Officer Ryan requested backup from Officer Joel Minor and his drug detection canine, Babe. Officer Minor arrived quickly and took the dog around Yeoumans' pickup. The dog alerted on both doors. Based on the dog's alert, the officers searched the vehicle and found methamphetamine and drug paraphernalia.

Yeoumans filed two motions to suppress the evidence found in his car, making various arguments that the search of his vehicle was unconstitutional. Evidence considered by the court on those motions included Officer Minor's testimony that Babe had been through a certification process where she was required to find hidden methamphetamine, cocaine, heroin, and marijuana with an acceptable passing rate. He testified that Babe had been certified for almost six years, and that she conducted approximately 150 searches per year, which included in-the-field searches and training searches. Officer Minor testified that in the search of Yeoumans' vehicle, Babe alerted on the passenger door and gave a strong alert on the driver's side door. On cross-examination, defense counsel asked Officer Minor whether Babe had ever alerted when no drugs were found. The officer answered:

> Sure. There is always going to be that they alert [to] the residue of the drug or the smell of it. They still smell it even though it is not there. So, if it is a large enough quantity or within a reasonable amount of time the odor is heavier than air. It sticks with carpets, things of that nature.

The district court denied Yeoumans' suppression motions. Yeoumans then entered a conditional guilty plea to possession of a controlled substance with intent to deliver, reserving the right to appeal the denial of the suppression motions. On appeal, Yeoumans argues that the officers did not have probable cause to search his vehicle because the evidence established that Babe was unable to distinguish between odors emanating from drugs that were actually present and residual odors from drugs that were no longer in the vehicle. Babe was thus too unreliable, he

asserts, for her alert to provide probable cause.

## II.

## ANALYSIS

### A. Absence of Objection Below

■ We begin with the State's argument that Yeoumans cannot now challenge the reliability of the canine because at the suppression hearing he did not make a foundational objection on these grounds to the admission or consideration of evidence of Babe's alert. It is well established that issues not raised in the trial court ordinarily will not be addressed on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *State v. Jones*, 141 Idaho 673, 676, 115 P.3d 764, 767 (Ct.App.2005). The State has mischaracterized Yeoumans' argument on appeal, however. He is not bringing a foundational challenge to the *admission* of the evidence of the canine alert, which would require an appropriate foundational objection. Idaho Rule of Evidence 103(a)(1). *See also State v. Braendle*, 134 Idaho 173, 175, 997 P.2d 634, 636 (Ct.App.2000) (admission of testimony regarding a drug dog's positive indication requires a foundation showing the dog's training and reliability). Instead, Yeoumans contends that an alert by a dog that cannot distinguish between the odor of present drugs and residual odors, standing alone, does not show probable cause justifying a search. There is a distinction between a foundational challenge to the admission of unreliable evidence and an argument that the evidence which has been admitted is insufficiently reliable to prove a certain proposition. An appellate challenge to the sufficiency of evidence to meet a party's burden of proof requires no specific action or argument below. Therefore, we will address the merits of Yeoumans' argument.

### B. Sufficiency of Canine Alert to Create Probable Cause for Search

■ When a police search has been conducted without a warrant, the State bears the burden to show that the search was done pursuant to a recognized exception to the warrant requirement. *State v. Tucker*, 132 Idaho 841, 842, 979 P.2d 1199, 1200 (1999); *State v. Bower*, 135 Idaho 554, 557, 21 P.3d 491, 494 (Ct.App.2001). When a decision on a motion to suppress is challenged, we defer to the trial court's factual findings unless they are clearly erroneous, but we exercise free review of the application of the law to those facts. *Tucker*, 132 Idaho at 842, 979 P.2d at 1200.

■ One long-recognized exception to the warrant requirement is the automobile exception, which permits a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband or evidence of criminal activity. *California v. Acevedo*, 500 U.S. 565, 572, 111 S.Ct. 1982, 1987, 114 L.Ed.2d 619, 629 (1991); *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *Tucker*, 132 Idaho at 842, 979 P.2d at 1200. Probable cause is established if the facts available to the officer at the time of the search would warrant a person of reasonable caution in the belief that the area or items to be searched contained contraband or evidence of a crime. *Ross*, 456 U.S. at 823, 102 S.Ct. at 2172, 72 L.Ed.2d at 593. Probable cause is a flexible, common-sense standard. A practical, non-technical probability that incriminating evidence is present is all that is required. *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502, 514 (1983); *State v. Gibson*, 141 Idaho 277, 281, 108 P.3d 424, 428 (Ct.App.2005).

■ A canine sniff of an automobile is not itself a search that implicates a privacy interest, and thus it need not be justified by suspicion of drug activity, *Illinois v. Caballes*, 543 U.S. 405, 408, 125 S.Ct. 834, 837, 160 L.Ed.2d 842, 847 (2005); *State v. Martinez*, 136 Idaho 436, 442, 34 P.3d 1119, 1125 (Ct.App.2001). We have said that "[w]hen a reliable drug-detection dog indicates that a lawfully stopped automobile contains the odor of controlled substances, the officer has probable cause to believe that there are drugs in the automobile and may search it without a warrant." *Gibson*, 141 Idaho at 281, 108 P.3d at 428. *See also United States v. Lingenfelter*, 997 F.2d 632, 639 (9th Cir. 1993); *Tucker*, 132 Idaho at 843, 979 P.2d at

1201; *State v. Gallegos,* 120 Idaho 894, 898, 821 P.2d 949, 953 (1991). The sole issue in this case is whether the alert by Babe, who admittedly has sometimes alerted on the residual scent of drugs that were no longer present, was sufficient to give the police probable cause for the search.

In *State v. Braendle,* 134 Idaho 173, 997 P.2d 634 (Ct.App.2000), we considered a challenge to the admission of testimony regarding a drug dog alert. The defendant contended there was insufficient evidence of the drug dog's reliability to satisfy foundational requirements for admission of the evidence because the dog occasionally alerted when no controlled substance was found. In rebuttal, the dog's handler testified that, in his opinion, when the dog alerted on a location where no drugs were found, that location had the residual odor of a drug that had once been there. We determined that this was sufficient foundational evidence of the dog's reliability to warrant admission of evidence of the dog's alert. More significantly for the question now before us, we went on to hold in *Braendle* that the reaction of the drug dog provided probable cause to justify a search of the vehicle that it alerted on. This holding is on point with the question before us-we held that the alert of a drug dog that could not distinguish between primary and residual odors was sufficient evidence to show probable cause for a search. However, because this was not the principal focus of *Braendle,* and because we reached this holding without explicit analysis of the implications for probable cause when a dog cannot distinguish residual odors from present drugs, we will further examine that issue here.

Many courts have held that the alert of a trained drug dog furnishes probable cause regardless of whether the dog is able to differentiate between residual odors and the odor of drugs currently in a vehicle. This view is illustrated by *State v. Cabral,* 159 Md.App. 354, 859 A.2d 285, 300 (2004), where the court was presented with an argument that probable cause to search a vehicle was undermined by evidence that the drug dog may alert on residual odors up to 72 hours later. The Maryland court said that this argument:

> confuse[s] probable cause with proof beyond a reasonable doubt. If a trained drug dog has the ability to detect the presence of drugs that are no longer physically present in the vehicle or container, but were present perhaps as long as 72 hours prior to the alert, such an ability serves to strengthen the argument that the dog has a superior sense of smell on which to rely to support a finding of probable cause. The possibility that the contraband may no longer be present in the vehicle does not compel the finding that there is no probable cause; for purposes of the probable cause analysis, we are concerned with probability, not certainty. The issue of a possible alert to a residual odor is a factor to be considered by the trial court, but it is not dispositive.

Similarly, in *United States v. Johnson,* 660 F.2d 21 (2d Cir.1981), the court stated:

> [A]ppellant's argument with respect to the problem of a dog detecting only the residual odors as opposed to the drugs themselves misconstrues the probable cause requirement. Absolute certainty is not required by the Fourth Amendment. What is required is a reasonable belief that a crime has been or is being committed.

*Id.* at 22–23.

In *State v. Carlson,* 102 Ohio App.3d 585, 657 N.E.2d 591 (1995), the defendant argued that the dog's alert did not give probable cause to search the vehicle because of the possibility that the dog was alerting on residual odors. The Ohio court concluded that "a dog alert usually is at least as reliable as many other sources of probable cause and is certainly reliable enough to create a 'fair probability' that there is contraband." *Id.* at 601 (citations omitted). The court also rejected the argument that the information communicated by the dog's alert could not support a finding of probable cause because it was "stale." The Court said that " 'there is no arbitrary time limit on how old information [supporting probable cause] can be.' ... Rather, the test for staleness is whether the available information justifies a conclusion that contraband is *probably* on the person or premises to be searched." *Id.* at 602

(citations omitted). *See also United States v. Williams,* 69 F.3d 27 (5th Cir.1995); *State v. Griffin,* 949 So.2d 309, 312 (Fla.Dist.Ct.App. 2007).[1]

We agree with these jurisdictions. An alert by an otherwise reliable, certified drug detection dog is sufficient to demonstrate probable cause to believe contraband is present even if there exists a possibility that the dog has alerted to residual odors.

Of course, other reasons to doubt a drug dog's "credibility" may lead a trial court to determine that the animal's alert is not a sufficiently reliable indication of the presence of drugs to establish probable cause. As stated in *State v. Nguyen,* 726 N.W.2d 871 (S.D.2007):

> In our view, trial courts making drug dog reliability determinations may consider a variety of elements, including such matters as the dog's training and certification, its successes and failures in the field, and the experience and training of the officer handling the dog. Under the totality of circumstances, the court can then weigh each of these factors.

*Id.* at 877. Evidence that the dog sometimes responds to residual odors is but one factor bearing upon the dog's reliability.

Here, there was ample evidence that Babe was a well-trained and certified drug detection dog. No evidence was presented to show that Babe lacked reliability other than the evidence that she sometimes alerted to residual odors, which we have held does not preclude probable cause. Therefore, the district court did not err in holding that the officers possessed probable cause justifying the search of Yeoumans' vehicle. The order denying Yeoumans' motion to suppress evidence is affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.

---

1. We have found only one jurisdiction indicating that evidence that a drug dog's alerts to residual odors will preclude the finding of probable cause based on the dog's alert. *See Matheson v. State,* 870 So.2d 8 (Fla.Dist.Ct.App.2003). Other districts of the Florida District Court of Appeals have rejected the position taken in *Matheson. See State v. Coleman,* 911 So.2d 259, 261 (Fla. Dist.Ct.App.2005); *State v. Laveroni,* 910 So.2d 333 (Fla.Dist.Ct.App.2005).