**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39064**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 680 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 18, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KELO RONON SMOKE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Judgment of conviction and unified sentence of fifteen years, with four years determinate, for trafficking in methamphetamine, affirmed.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Kelo Ronon Smoke appeals from his judgment of conviction entered upon his conditional guilty plea to trafficking in methamphetamine. Specifically, he appeals the denial of his motion to suppress and argues his sentence is excessive. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

On a late evening in December 2010, an officer stopped a pickup truck with canceled registration and fictitious license plates. Smoke, the driver, immediately exited the vehicle and, ignoring the officer's commands to stop, took flight on foot. Additional officers were called to assist and Smoke was eventually apprehended and arrested.

Upon returning to the vehicle, officers deployed a drug-detection dog on the outside of Smoke's vehicle, and the dog alerted to the presence of narcotics near the passenger-side door.

1

Inside the truck, officers found a black bag containing fifty-four grams of methamphetamine, as well as drug paraphernalia.

Smoke was charged with trafficking in methamphetamine, Idaho Code § 37-2732B(a)(4), and possession of a controlled substance, I.C. § 37-2732(c). He moved to suppress the evidence found in his vehicle, arguing the search of his vehicle subsequent to his arrest was unconstitutional. Following a hearing, the district court denied the motion, finding the search was valid under the automobile exception because the drug dog alert provided independent probable cause that drugs were in the vehicle. Smoke entered a conditional guilty plea to the trafficking charge, preserving his right to appeal from the denial of his suppression motion, and the State dismissed the possession charge. The district court entered a judgment of conviction and imposed a unified sentence of fifteen years, with four years determinate. Smoke now appeals the denial of his motion to suppress and his sentence.

## II.

## ANALYSIS

Smoke contends the district court erred in denying his motion to suppress because the search of his vehicle was unconstitutional. He also argues the sentence imposed is excessive.

### A. Motion to Suppress

Smoke argues the district court erred in denying his motion to suppress because the officers searched his locked vehicle without a warrant after he was already placed under arrest. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and, therefore, violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995); *State v. Newman*, 149 Idaho 596, 599, 237 P.3d 1222, 1225 (Ct. App. 2010). The State may overcome

this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Weaver*, 127 Idaho at 290, 900 P.2d at 198; *Newman*, 149 Idaho at 599, 237 P.3d at 1225. The automobile exception to the warrant requirement authorizes a warrantless search of a vehicle when there is probable cause to believe the vehicle contains contraband or evidence of criminal activity. *United States v. Ross*, 456 U.S. 798, 824 (1982); *State v. Smith*, 152 Idaho 115, 120, 266 P.3d 1220, 1225 (Ct. App. 2011). It is well settled that when a reliable drug-detection dog indicates that a lawfully stopped automobile contains the odor of controlled substances, the officer has probable cause to believe that there are drugs in the automobile and may search it without a warrant. *State v. Tucker*, 132 Idaho 841, 843, 979 P.2d 1199, 1201 (1999); *State v. Gibson*, 141 Idaho 277, 281, 108 P.3d 424, 428 (Ct. App. 2005).

On appeal, Smoke states that although he "is mindful of the fact that a reliable drug dog's alert can provide probable cause for the search of a vehicle under the automobile exception to the warrant requirement," this situation is distinguishable because at the time of the search he was in custody and his vehicle was locked and parked in a private lot. The automobile exception, he notes, is a necessity under certain circumstances because a vehicle is readily mobile by nature; however, here, where the only driver of the vehicle was in custody and the vehicle was locked and legally parked, he asserts the officers were required to obtain a warrant prior to the search. Smoke does not, however, state any authority for the proposition that the automobile exception does not apply where the driver is in custody and the vehicle is locked and legally parked out of traffic; rather, he appears to be conflating the principles applicable to the search incident to arrest exception with those applicable to the automobile exception. The district court did not err in denying Smoke's motion to suppress.

### B.    Sentence Review

Smoke argues the district court abused its discretion in imposing a unified sentence of fifteen years, with four years determinate, given the mitigating factors present in the case.[1] An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant

---

[1]    At sentencing, defense counsel argued an appropriate sentence would be three years determinate, with between five and seven years indeterminate.

has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Smoke contends the district court abused its discretion in sentencing, arguing on appeal that he acknowledges he has a problem with drugs and alcohol, which led to his legal problems, but that he has the desire to become sober. He asserts his father is supportive of his desire to become a productive member of society, offering him a place to live in Alaska. He also asserts it is important to note he has accepted "full responsibility and exhibits sincere remorse for his actions."

In sentencing Smoke, the district court specifically recognized that Smoke is an alcoholic, which led to his numerous previous criminal convictions, including possession of a controlled substance. Despite Smoke's addiction, the district court noted it must also consider the nature of the current crime where Smoke was found with a significant amount of methamphetamine, which the court identified as a "very, very dangerous drug" that is "[v]ery detrimental to our community." The court emphasized that Smoke needed "to come to grips with the fact that this was a serious offense to the community" and noted that earlier efforts by the justice system at intervention were not effective. It is clear the district court took the relevant factors into consideration, and given the serious nature of Smoke's crime, as well as his extensive criminal

4

history[2] and failed previous attempts at rehabilitation, we conclude the district court did not abuse its discretion in imposing sentence.

### III.

### CONCLUSION

The search of Smoke's vehicle was a valid search pursuant to the automobile exception, and therefore, the district court did not err in denying his motion to suppress. Also, given the serious nature of Smoke's crime, as well as his criminal history and failure to be rehabilitated, the sentence imposed by the district court was not excessive. Accordingly, we affirm Smoke's judgment of conviction and unified sentence of fifteen years, with four years determinate, for trafficking in methamphetamine.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

---

[2] The presentence investigation report indicates Smoke has nineteen charges for failing to purchase proper licenses or insurance or otherwise driving without privileges, eight charges for resisting arrest, and at least ten charges for driving under the influence (DUI) of drugs or alcohol, including two aggravated DUIs and a DUI with a failure to stop at the scene of an accident.