IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 46501/46502

| STATE OF IDAHO, | ) | |
| --- | --- | --- |
| | ) | Filed: May 1, 2020 |
| Plaintiff-Respondent, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| ROBERT CODY GREEN, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment of conviction for trafficking in methamphetamine, order awarding restitution, and order revoking probation, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

In this consolidated appeal, Robert Cody Green appeals from the district court's judgment of conviction for trafficking in methamphetamine, order revoking his probation, and order executing his sentence for felony possession of marijuana. Green argues that the district court erred by: (1) ordering restitution and denying his motion to suppress in the methamphetamine case; and (2) revoking his probation in the marijuana case. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Green was charged with felony possession of marijuana, Idaho Code § 37-2732(e); misdemeanor possession of a controlled substance, I.C. § 37-2732(c)(3); and misdemeanor possession of paraphernalia, I.C. § 37-2734A(1). Pursuant to a plea agreement, Green pled guilty

1

to felony possession of marijuana, and the State dismissed the remaining charges. The district court sentenced Green to a unified term of five years with three years determinate, suspended the sentence, and placed Green on probation.

In 2018, the State charged Green with trafficking in methamphetamine, § I.C. 37-2732B(a)(4), and a persistent violator enhancement, I.C. § 19-2514. In light of the new offense, the State moved to revoke Green's probation in the marijuana case. Green filed a motion to suppress the statements he made to probation and police officers in relation to the methamphetamine charge. In support of his motion, Green argued that officers took his statements in violation of the Fifth Amendment by failing to read him his *Miranda*[1] rights and by placing him in a classic penalty situation. The district court denied Green's motion finding that Green was not in custody and was not in a classic penalty situation. After the district court denied his motion to suppress, Green pled guilty to trafficking in methamphetamine and the persistent violator enhancement.

Thereafter, the district court found Green violated the terms of his probation based upon events relating to the methamphetamine charge. Consequently, the court revoked Green's probation in the marijuana case and sentenced him to a concurrent term of twelve years with five years determinate in the methamphetamine case. In addition, the district court awarded the State restitution. Green timely appeals from the entry of judgment in both cases.

## II.

## ANALYSIS

Green argues that the district court erred by awarding restitution, denying his motion to suppress, and revoking his probation. In response, the State argues that Green: (1) waived his right to challenge the district court's restitution order; (2) failed to show that the district court erred in denying his motion to suppress; and (3) failed to show that the district court erred in revoking his probation. We will address each of these contentions in turn below.

### A.      Restitution

Green argues that the district court erred in awarding restitution because the State's restitution request was not supported by substantial evidence. At sentencing, the State requested restitution for investigation and prosecution costs in the amount of $1,951.78. In response to the

---

[1]      *Miranda v. Arizona*, 384 U.S. 436 (1966).

State's request, the district court asked Green if he had "any objection to the restitution amount being sought in this case." Green responded "No, Your Honor." Because Green did not challenge the State's request when asked, the district court granted the State's request and ordered $1,951.78 in restitution costs.

On appeal, the State argues that any error in awarding restitution was invited by Green, and thus, he has waived his right to appeal the restitution award. We agree with the State. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986). We conclude that Green invited any error in regard to the restitution award, and thus, has waived any challenge to the award on appeal. In this case, Green acquiesced in the restitution award by stating that he had no objection to the State's request.

However, Green cites to *State v. Yeoumans*, 144 Idaho 871, 873, 172 P.3d 1146, 1148 (Ct. App. 2007) and argues that his restitution claim is properly before this Court because a "challenge to the sufficiency of the evidence to meet a party's burden of proof requires no specific action or argument below." Green's argument was recently rejected by the Idaho Supreme Court in *State v. Villa-Guzman*, 166 Idaho 382, 384-85, 458 P.3d 960, 962-63 (2020):

> Villa-Guzman cites a general rule that an appeal challenging the sufficiency of the evidence can be made for the first time on appeal. *See State v. Yeoumans*, 144 Idaho 871, 873, 172 P.3d 1146, 1148 (Ct. App. 2007) (holding that "an appellate challenge to the sufficiency of evidence to meet a party's burden of proof requires no specific action or argument below"). While we support this legal principle as it pertains to the evidence necessary to sustain a burden of proof at trial, we disagree that such a standard pertains to matters affecting restitution evidence.
>
> Idaho Rule of Evidence 101(d)(7) generally applies the rules of evidence to restitution hearings unless modified by Idaho Code section 19-5304(6), which permits the admission of hearsay in some cases. *State v. Cunningham*, 164 Idaho 759, 763, 435 P.3d 539, 543 (2019). We hold that defects in the documents admitted to support restitution are *foundational* errors, which require an objection at the time of the restitution hearing to preserve those arguments for appeal. Thus, the broad-sweeping statement in <u>Yeoumans</u> about allowing an appellate challenge to evidence on appeal without specific action in the trial court does not apply to

3

evidence necessary to sustain a burden of proof in restitution hearings under section 37-2732(k). *See also* I.R.E. 103(a)(1). Errors such as those raised by Villa-Guzman can easily be remedied in the trial court by counsel making a contemporaneous objection. Since Villa-Guzman failed to make such an objection in the trial court, she cannot do so now. *State v. Draper*, 151 Idaho 576, 593 n.7, 261 P.3d 853, 870 n.7 (2011) ("The longstanding rule of this Court is that we will not consider issues that are presented for the first time on appeal."). Thus, we decline reaching the merits about the alleged defects in the State's proof.

Thus, even if Green's challenge to the restitution order was not foreclosed by the invited error doctrine, Green cannot challenge foundational errors related to the evidence submitted in support of the court's restitution order for the first time on appeal.

## B.     Motion to Suppress

Green argues that the district court erred in denying his motion to suppress because his Fifth Amendment rights were violated when the officers engaged in the methamphetamine investigation. In specific, Green claims that incriminating statements that he made during the investigation should have been suppressed because they were taken in violation of *Miranda*.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The requirement for *Miranda* warnings is triggered by custodial interrogation. *State v. Medrano*, 123 Idaho 114, 117, 844 P.2d 1364, 1367 (Ct. App. 1992). The United States Supreme Court equated custody with a person being deprived of his or her freedom by the authorities in any significant way. *Miranda*, 384 U.S. at 478. This test has evolved to define custody as a situation where a person's freedom of action is curtailed to a degree associated with formal arrest. *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *State v. Myers*, 118 Idaho 608, 610, 798 P.2d 453, 455 (Ct. App. 1990). The initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned. *Stansbury v. California*, 511 U.S. 318, 323 (1994). To determine if a suspect is in custody, the only relevant inquiry is how a reasonable person in the suspect's position would

4

have understood his or her situation. *Berkemer*, 468 U.S. at 442; *Myers*, 118 Idaho at 611, 798 P.2d at 456. The burden of showing custody rests on the defendant seeking to exclude evidence based on a failure to administer *Miranda* warnings. *State v. James*, 148 Idaho 574, 577, 225 P.3d 1169, 1172 (2010).

In this case, the district court found that Green had previously consented to the search of his residence under the terms of his probation agreement. The court found that officers entered Green's house to conduct a routine house check, smelled marijuana, questioned Green about the presence of drugs or other individuals, and informed Green that they were going to handcuff him and search his residence. Thereafter, Green was handcuffed and seated on his couch while officers began the search. During the search, Green called out to an officer in another room "entirely unprompted" and "voluntarily" confessed to possessing methamphetamine in his residence. The court found that the officers did not make any threats to Green during the encounter. Based on those findings, the district court concluded that although Green was handcuffed, he was not in custody for purposes of *Miranda* before he made incriminating statements. Thus, the court denied Green's motion.

On appeal, Green argues that his *Miranda* rights were violated but is "[m]indful that Mr. Green was not in custody for *Miranda* purposes when he told the officers about the methamphetamine and paraphernalia in his home." Because Green concedes that he was not in custody for *Miranda* purposes and *Miranda* warnings are only triggered by custodial interrogation, Green's challenge to the district court's denial of his motion to suppress fails. *Medrano*, 123 Idaho at 117, 844 P.2d at 1367. Thus, we conclude that the district court did not error in denying Green's motion to suppress.[2]

## C.     Revocation of Probation

Finally, Green argues that the district court erred in revoking his probation and executing his sentence for the felony possession of marijuana conviction. However, Green's argument is contingent on the condition that this Court grant his requested relief on his motion to suppress in the methamphetamine case. Because we concluded that the district court did not err in denying Green's motion to suppress, we need not consider this argument. Nonetheless, even considering the issue, the district court was well within its discretion in revoking Green's probation.

---

[2]     Green does not argue on appeal that he was placed in a classic penalty situation. Even so, the district court correctly determined that he was not placed in a classic penalty situation.

### III.
### CONCLUSION

Green waived his right to challenge the district court's restitution order. In addition, the district court did not err in denying Green's motion to suppress in the methamphetamine case or revoking Green's probation and executing his sentence for felony marijuana possession. Therefore, the district court's judgment of conviction for trafficking in methamphetamine, order of restitution, and order revoking probation are affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.