# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45784

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: January 16, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| RENEE DANETTE MONDT, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Lara E. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Renee Danette Mondt appeals from the judgment of conviction entered upon her conditional guilty plea to possession of a controlled substance, possession of drug paraphernalia, and driving without privileges. Mondt challenges the district court's denial of her motion to suppress. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

After observing Mondt's failure to come to a complete stop at a stop sign and subsequent failure to come to a complete stop at a clearly marked stop line, a sheriff's deputy stopped Mondt's vehicle. Upon making contact with Mondt, the deputy requested Mondt's driver's license, vehicle registration, and proof of insurance. Mondt provided the deputy with her driver's license and vehicle registration. However, the proof of insurance that she provided had

1

expired. The deputy then asked Mondt whether her driving privileges were suspended. Mondt replied, "No, not to my knowledge." The deputy returned to his patrol vehicle and attempted to check the status of Mondt's driving privileges using his dashboard computer. He also used the computer to check for outstanding warrants. The dashboard computer indicated that Mondt did not have any outstanding warrants. However, the system used for checking driving privileges was down, so the deputy contacted dispatch to verify Mondt's driving privileges. While awaiting a response from dispatch as to the validity of Mondt's driving privileges, the deputy instructed another deputy on scene to write Mondt a ticket for her failure to provide valid proof of insurance. The deputy then had Mondt exit her car while he ran a drug-detection dog around it. The drug-detection dog alerted on Mondt's car before the deputy had received a response from dispatch as to the validity of Mondt's driving privileges. The deputy searched the car and found what he suspected to be methamphetamine and drug paraphernalia inside a makeup bag. Ultimately, dispatch confirmed that Mondt's driving privileges were suspended. The deputy placed Mondt under arrest.

The State charged Mondt with possession of a controlled substance, Idaho Code § 37-2732(c), possession of drug paraphernalia, I.C. § 37-2734A, and driving without privileges, I.C. § 18-8001(3). Mondt moved to suppress the evidence found in her car. Following a hearing, the district court denied the motion to suppress. Mondt then entered a conditional guilty plea, reserving the right to appeal the denial of the suppression motion. The district court sentenced Mondt to a term of five years with two years determinate. The court suspended the execution of the sentence and placed Mondt on probation for a period of five years. Mondt timely appeals.

## II.

## ANALYSIS

Mondt asserts the district court erred in denying her motion to suppress because the deputy unlawfully prolonged the traffic stop in violation of her state and federal constitutional rights.[1] According to Mondt, the purpose of the stop was resolved once the deputy obtained her

---

[1] For the first time on appeal, Mondt argues the stop was illegally extended in violation of her state constitutional rights. Before the district court, Mondt argued only that her Fourth Amendment rights were violated. Accordingly, her argument with respect to the state constitution is not preserved for appeal. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126

driver's license, registration, expired insurance, and confirmation that she was clear for warrants. Thus, she contends any further detention in order to conduct the canine sniff and warrantless search of her vehicle unlawfully prolonged the duration of the stop.

To the contrary, the State asserts Mondt has failed to show the district court erred when it denied her motion to suppress. The State argues the deputy did not impermissibly extend the duration of the traffic stop because the drug dog alerted on Mondt's vehicle before the deputy received confirmation that Mondt's driving privileges were suspended. We agree.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999). On appeal, Mondt does not challenge the trial court's findings of fact, therefore our review is limited to the application of constitutional principles to the facts as found by the district court.

The Fourth Amendment prohibits unreasonable searches and seizures. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The constitutionally tolerable duration of the stop is determined

_____

(1992). Appellate court review is limited to the evidence, theories, and arguments that were presented below. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017).

Moreover, although Mondt contends that both constitutions were violated, she provides no cogent reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, the Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Mondt's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

by the seizure's purpose. *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). An investigative detention based on reasonable suspicion of criminal activity "must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Florida v. Royer*, 460 U.S. 491, 500 (1983).

Mondt argues that the purpose of the stop was resolved once the deputy obtained her driver's license, registration, expired insurance, and confirmation that she was clear for warrants. "The justification for the detention of a motorist is not permanently fixed at the moment the traffic stop is initiated." *State v. Wigginton*, 142 Idaho 180, 183, 125 P.3d 536, 539 (Ct. App. 2005). "Subsequent observations and events can give rise to legitimate reasons for investigation of criminality differing from that which initially prompted the stop." *Id.* Additionally, notwithstanding the specific underlying traffic violation, an officer's purpose during a traffic stop may also include conducting ordinary inquiries incident to the traffic stop. *Rodriguez v. United States*, 575 U.S. __, __, 135 S. Ct. 1609, 1615 (2015); *State v. Renteria*, 163 Idaho 545, 549, 415 P.3d 954, 958 (Ct. App. 2018). "Beyond determining whether to issue a traffic ticket, an officer's mission during a traffic stop typically includes checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." *Rodriguez*, 575 U.S. at __, 135 S. Ct. at 1615. A warrant check makes it possible to determine whether the apparent traffic violator is wanted for one or more previous traffic offenses. *Id.* A check of the driver's driving privileges makes it possible to determine whether the apparent traffic violator is currently licensed to operate a motor vehicle. These checks serve the same objective as enforcement of the underlying traffic violation: ensuring that vehicles on the road are operated safely, responsibly, and according to law. *Renteria*, 163 Idaho at 549, 415 P.3d at 958.

The initial purpose of the stop in this case was to address the underlying traffic violations, and it is undisputed that the deputy initiated a lawful traffic stop of Mondt's car on the basis of her failure to stop at both the stop sign and the stop line. Notwithstanding the underlying traffic violations, however, the purpose of the stop here included ordinary inquiries into the validity of Mondt's driving privileges and whether she had outstanding warrants. The computer confirmed that Mondt was clear for warrants. However, upon discovering that the computer system could not confirm Mondt's driving privileges at that time, the deputy promptly proceeded to conduct the check through dispatch via radio. The deputy was still awaiting a response to his inquiry

4

regarding the validity of Mondt's driving privileges even after he obtained confirmation that she was clear for warrants. Accordingly, the purpose of the stop was not resolved when the computer confirmed that Mondt did not have outstanding warrants because the deputy had yet to receive confirmation regarding the validity of Mondt's driving privileges.

Unlike the inquiry into the validity of Mondt's driving privileges, the dog sniff cannot be fairly characterized as part of the officer's traffic mission because it lacks the same close connection to roadway safety. *Rodriguez*, 575 U.S. at __, 135 S. Ct. at 1615. Nevertheless, in addition to effectuating the purpose of the stop and the accompanying ordinary inquiries, the Fourth Amendment "tolerate[s] certain unrelated investigations that do not lengthen the roadside detention." *Id.* at __, 135 S. Ct. at 1614. Conducting a dog sniff on the exterior of a stopped car, while lawfully seized, does not necessarily violate the Fourth Amendment. *State v. Linze*, 161 Idaho 605, 609, 389 P.3d 150, 154 (2016); *Renteria*, 163 Idaho at 549, 415 P.3d at 958. "The critical question . . . is not whether the dog sniff occurs before or after the officer issues a ticket . . . but whether conducting the sniff prolongs--i.e., adds time to--the stop." *Rodriguez*, 575 U.S. at __, 135 S. Ct. at 1616 (internal quotation marks omitted). "The United States Supreme Court [was] careful to couch its opinion in the 'adds time to' framework." *Linze*, 161 Idaho at 609 n.1, 389 P.3d at 154 n.1. "It does this in order to allow for dog sniffs that do not add time to the stop (*i.e.*, dog sniffs in which one officer continues to pursue the original objectives of the stop while a second officer conducts a dog sniff)." *Id.*

The dog sniff on the exterior of Mondt's lawfully stopped car did not unlawfully extend the duration of the stop. While both deputies awaited a response from dispatch as to the validity of Mondt's driving privileges, the deputy who initiated the stop asked another deputy to write Mondt a ticket for not having a valid proof of insurance. The stopping deputy then had Mondt exit her vehicle while he walked his drug-detection dog around her car. Before the deputies received confirmation that Mondt's driving privileges were suspended, the drug dog alerted on Mondt's car. Thus, the dog sniff did not add time to the stop because one of the incidents of the stop--confirming the validity Mondt's driving privileges--had not been completed by the time the drug-detection dog alerted on Mondt's car. Accordingly, the dog sniff did not unlawfully extend the stop in violation of the Fourth Amendment.

Likewise, the subsequent search of Mondt's vehicle did not unlawfully extend the stop. "[W]hen a reliable drug-detection dog indicates that a lawfully stopped automobile contains the

5

odor of controlled substances, the officer has probable cause to believe that there are drugs in the automobile and may search it without a warrant." *State v. Yeoumans*, 144 Idaho 871, 873, 172 P.3d 1146, 1148 (Ct. App. 2007) (quoting *State v. Gibson*, 141 Idaho 277, 281, 108 P.3d 424, 428 (Ct. App. 2005)). "If probable cause justifies the search of a vehicle, then it justifies the search of every part of the vehicle and its contents which could conceal the object of the search." *State v. Braendle*, 134 Idaho 173, 175, 997 P.2d 634, 636 (Ct. App. 2000). At the moment the dog alerted on Mondt's car, indicating that the car contained the odor of controlled substances, the deputy was armed with probable cause to believe that there were drugs in Mondt's vehicle. Consequently, the deputy was justified in conducting a warrantless search of every part of the vehicle and its contents which could conceal the drugs. Therefore, the search of Mondt's vehicle and makeup bag did not unlawfully extend the stop in violation of the Fourth Amendment.

## III.

## CONCLUSION

The deputy did not unlawfully extend the duration of the traffic stop in violation of Mondt's Fourth Amendment rights. Accordingly, the district court did not err in denying the motion to suppress, and the judgement of conviction is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.